UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-14038-CR-MIDDLEBROOKS/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARK ALAN YODER,

    Defendant.
_____/

FILED by ___ D.C.

AUG - 5 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON FARETTA HEARING IN RESPECT TO THE DEFENDANT'S REQUEST TO REPRESENT HIMSELF

**THIS CAUSE** having come before this Court upon an Order of Reference [D.E. 6] for this Court to conduct a <u>Faretta</u> inquiry and Arraignment, and this Court having called this matter for a hearing on August 5, 2016 at which time the Defendant, who was in custody pursuant to the previous Detention Order, did appear, this Court makes the following recommendations to the District Court:

    1.    At other appearances before United States Magistrate Judge Turnoff and United States Magistrate Judge McAliley, while the Defendant was being held in Miami, the Defendant stated his desire to represent himself. Therefore, while there may not be any written filing in that regard, the Defendant's <u>ore</u> <u>tenus</u> request before those Judges to represent himself was referred to this Court for a hearing in Order of Reference [D.E. 6].

    2.    This Court previously held a <u>Faretta</u> hearing in Case No. 15-14069-Cr-Middlebrooks, and issued its Report and Recommendation [D.E. 34] in that case. Subsequently the Defendant did represent himself in that case and was convicted after a jury trial. The present charges in this case arise from the Defendant's alleged failure to appear for sentencing in respect to that conviction.

3.      This Court advised the Defendant that it would make the same inquiries that it did during the Faretta hearing on January 20, 2016, in Case No. 15-14069-Cr-Middlebrooks and make certain that his responses were the same. This Court is also taking into consideration that the Defendant did in fact represent himself at a jury trial in that case, as referenced above.

4.      The Defendant's responses to the Court's questions were as follows:

a.      The Defendant stated that he is 55 years of age and attended Florida State University for two years. He does not have a degree. The Defendant acknowledged that he can read, write, and understand English.

b.      The Defendant's mailing address for purposes of future correspondence with the Court is 4781 Jorgensen Road, Fort Pierce, Florida.

c.      The Court, at the conclusion of the Faretta hearing, read the Indictment in full to the Defendant as well as the possible penalties from the Penalty Sheet attached to the Indictment, a copy of which was handed to the Defendant in open court. The Court then conducted an arraignment on that case and will reference that later at the conclusion of this Report and Recommendation.

d.      The Defendant acknowledged that he previously has been represented by an attorney in a civil or criminal matter and had the ability to observe that attorney handle that matter at trial so he is familiar with the operations of a trial by previously being a party to such a legal proceeding.

e.      The Defendant stated that he is not an attorney nor has he received any formal training in the law.

    f. The Defendant acknowledged that he has observed or participated in jury selection twice in other legal proceedings. It is not clear whether or not he was a party to those proceedings or if he simply observed jury selection in another case. However, it is not necessary that he had been a party. The Court was simply concerned with his observance of jury selection prior to this case.

    g. The Defendant stated that he understands that jury selection is a difficult process and that he and the government are limited in the number of challenges and the manner of challenging prospective jurors. In Case No. 15-14069-Cr-Middlebrooks, the Defendant participated and conducted jury selection in that case on his own behalf.

    h. The Defendant knows how to research jury instructions and that he would be obligated to provide proposed written jury instructions to the District Court at the appropriate time designated. The Defendant stated that he knows how to submit those jury instructions to the Court.

    i. The Defendant stated he has read the federal statutes involved in this case and is familiar with them. He stated that he understands and can apply/argue the Federal Rules of Evidence which may be applicable in this case.

    j. The Defendant stated that he knew how to introduce exhibits into evidence and/or oppose the government's attempts to introduce evidence. The Court explained in very general terms how exhibits are marked and offered into evidence. The Defendant stated that he can do that. Further, the Defendant stated that he understands that he will be required to offer any items of evidence to the Court during the trial which he feels may be applicable to his case.

k.      The Defendant understands that he will be responsible for having subpoenas issued for any witnesses that he wishes to present during the trial and that he should not rely upon the government to have those witnesses available at trial. The Defendant did state that he had some problems with subpoenas being issued. However, this Court stated in response that such matters are not before the Court at this time. The Court is merely making an inquiry concerning the Defendant's ability to represent himself.

l.      The Defendant stated that he is familiar with the Federal Rules of Criminal Procedure and can apply those in this case.

m.     The Defendant stated that he understood that if he is permitted to go forward to represent himself in this matter that he cannot later, during the trial, tell the Court that he made a mistake and now wanted an attorney to represent him in the middle of the proceedings.

n.      The Defendant stated that he understood that if he is found guilty of any offense in this case, that it would be very difficult, if not impossible, to argue on appeal that the District Court should not have allowed him to represent himself.

o.      The Defendant stated that he was not under the influence of any drug or medication or alcoholic beverage at the time of this hearing. Further, the Defendant stated that he has never been treated for any mental condition or substance abuse of any kind.

p.      The Defendant stated that he understood that the handling of a defense in a federal criminal case is very difficult and takes years of training and education to be competent to do so. Further, the Court advised the Defendant that very competent attorneys choose not to handle federal criminal cases because of the specialized training

in the law that may be called into place in such federal criminal trials. The Defendant stated that he understands that, but still wishes to represent himself.

q. The Defendant stated that he did not want stand-by counsel appointed. This Court stated that it would not force such stand-by counsel upon him. AFPD Panayotta Augustin-Birch happened to be present in court for other matters and stated that United States District Judge Huck had appointed her as stand-by counsel in Case No. 15-14069-Cr-Middlebrooks. This Court stated that it understood that fact, but all that this Court was doing at this hearing was to conduct a <u>Faretta</u> inquiry to determine whether or not the Defendant could proceed in representing himself. The Court stated that whatever is later done by Judge Middlebrooks and/or Judge Huck in this regard would be up to them.

r. The Defendant stated that he understood, should he be found guilty of any offense in this case, that he would be responsible for arguing the Federal Sentencing Guidelines which may be applicable in his case should this matter proceed to sentencing.

s. The Defendant stated that he understood that in representing himself, his freedom and guilt/innocence is being held in the balance based upon his ability or inability to competently represent himself in this matter.

t. The Court advised the Defendant that the District Court would not be able to assist he or the government during the trial of the case and therefore cannot aid the Defendant or give advice to the Defendant on evidentiary issues or any issues which may arise during the trial. The Defendant stated that he understood this and still wished to represent himself.

u.  The Defendant stated that he understood that this Court would be submitting a Report and Recommendation to the District Court based upon the matters presented during this hearing and that the final decision as to whether or not he would be permitted to go forward representing himself would be made by Judge Middlebrooks, the U. S. District Judge assigned to this case. The Defendant acknowledged that he understood that procedure.

v.  Finally, the Court asked the Defendant if he still wished to proceed on his own and represent himself in this matter and he stated that is his wish and to not have stand-by counsel appointed.

5.  The Court then stated that it would issue a Report and Recommendation to the District Court that the Defendant be given the right to represent himself in this matter.

6.  In respect to the applicable law, this Court looks to <u>Faretta v. California</u>, 95 S.Ct. 2525 (1975). In <u>Faretta</u> the Supreme Court set certain legal precedents. For example, the Court stated that a defendant who elects to represent himself cannot thereafter complain that quality of his own defense amounted to a denial of effective assistance of counsel. Further, the Court went on to state that a defendant need not himself have skills and experience of a lawyer in order to competently and intelligently choose self representation. However, he should be made aware of the dangers and disadvantages of self representation, so that the record will establish that he knows what he is doing and that his choice is made with his eyes open. This Court feels that the hearing and the questions asked by the Court and the Defendant's responses do show that he is knowingly and intelligently waiving his right to counsel and wishes to represent himself in this proceeding under the legal precedents established in respect to such

matters. As in Faretta, the record affirmatively shows that the Defendant is literate, competent, and has the understanding to represent himself and was voluntarily exercising his informed free will. Where he has been warned by the trial court of the possible pitfalls of representing oneself, he has the right to proceed in that fashion. The Defendant clearly and unequivocally wishes to represent himself and the record made by this Court will bear that out. The Defendant should be given that right. So long as the record establishes that the Defendant knew what he was doing and his choice was made with eyes open, the trial judge's decision to allow the defendant to represent himself will be upheld. See Fitzpatrick v. Wainwright, 800 F.2d 1057 (11th Cir. 1986).

7. At the conclusion of the Faretta hearing, this Court read the Indictment to the Defendant completely together with the penalties as set forth in the Penalty Sheet attached to the Indictment. A copy of those documents were handed to the Defendant in open court at this hearing. When the Defendant was asked if he understood the charges, the Defendant stated that he did not and that this matter "had been settled." This Court then stated that previously during this hearing the Defendant stated that he could read, write and understand English. This Court advised the Defendant again that he is charged with failing to appear for sentencing in Case No. 15-14069-Cr-Middlebrooks which resulted in a conviction after a jury trial. The Defendant kept saying that he did not understand the charges. This Court made a finding on the record that the charges had been read to him in open court. The Defendant was able to hear those charges and the possible penalties regardless of his assertion that he did not understand the charges. Further, the Defendant declined to enter any plea and therefore this Court entered a not guilty plea on his behalf. The Court then stated that the matter would be set for a jury trial, the paperless Standing

Discovery Order under the Local Rules would apply, and the Court entered a Status Conference Order.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's request to represent himself is construed as a motion to proceed pro se as has been documented by the record, and that his request to represent himself be **GRANTED** and that stand-by counsel not be appointed since the Defendant has declined the assistance of stand-by counsel.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald M. Middlebrooks, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _5th_ day of August, 2016, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald M. Middlebrooks
AUSA Russell Killinger
AUSA Theodore M. Cooperstein
U. S. Pretrial & Probation
U. S. Marshal

Mark Alan Yoder
St. Lucie County Jail
900 North Rock Road
Fort Pierce, FL 34945

Mark Alan Yoder
4781 Jorgensen Road
Fort Pierce, Florida 34981